**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

CHEN JIANPING,

Petitioner,

v. Action No. 2:26cv1017

JEFFREY CRAWFORD,
ICA-Farmville Detention Center, et al.,

Respondents.

**UNITED STATES MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

This matter is before the Court on the 28 U.S.C. § 2241 *pro se* petition filed by petitioner Chen Jianping ("petitioner"), a detainee of United States Immigration and Customs Enforcement ("ICE"), seeking immediate release from custody or a bond hearing. ECF No. 1. The matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Rule 72 of the Local Rules of the United States District Court for the Eastern District of Virginia. ECF No. 7. For the reasons discussed below, it is **RECOMMENDED** that the petition for a writ of habeas corpus, ECF No. 1, be **DENIED.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a 42-year-old native and citizen of the People's Republic of China. ECF No. 6-1, ¶ 5. He entered the United States at an unknown time and location. *Id.* ¶ 6. On December 8, 2025, ICE encountered petitioner at the Botetourt County Jail in Fincastle, Virginia where he was being held following his arrest for disregarding the commands of a law enforcement officer. *Id.* ¶ 7. At that time, ICE issued a Form I-247A Immigration Detainer, Notice of Action, Form I-200, and an arrest warrant. *Id.*

On February 17, 2026, petitioner was convicted in the Circuit Court for the County of Botetourt of one count of reckless driving and one count of felony eluding. *Commonwealth v. Jianping Chen*, Nos. CR26000007-00, CR26000008-00 (Va. Cir. Ct. Feb. 17, 2026). He was sentenced to two years and 90 days, all suspended. *Id.*

On February 18, 2026, petitioner was transferred from state custody to civil immigration custody. ECF No. 6-1, ¶ 9. At that time, he was issued a Notice to Appear, charging him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). *Id.* Petitioner filed for an application for asylum and withholding of removal on April 1, 2026. *Id.* ¶ 10. His application was denied on April 27, 2026 during a hearing before an Immigration Judge, at which time he was also ordered to be removed to the People's Republic of China. *Id.* ¶ 11; ECF No. 6-2. Petitioner reserved his right to appeal this decision, but did not do so by the deadline of May 27, 2026. ECF No. 6-1, ¶ 12.

On June 11, 2026 ICE submitted a travel document request to return petitioner to the People's Republic of China. *Id.* ¶ 14. ICE was informed on August 21, 2026 that the People's Republic of China verified petitioner's identity and on August 27, 2026, ICE issued petitioner a "continuing detention letter" explaining his detention was due to "danger and flight risk." *Id.* ¶¶ 14–15. On September 4, 2026, the Embassy of the People's Republic of China issued petitioner a "permit for entry" which is valid for three months from the date of issuance. ECF No. 8-1.

On September 23, 2026, petitioner submitted a *pro se* petition, pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner alleges that he has been unlawfully detained under 8 U.S.C. § 1225 and in violation of the presumptively reasonable six-month period announced in *Zadvydas v. Davis*. *Id.* at 6–7; *see Zadvydas v. Davis*, 533 U.S. 678, 689–701 (2001). He explains that he has lived in the United States for three years with his wife, that his detention at this point is essentially

punitive, and that he has been deprived of due process. ECF No. 1, at 6–7. Petitioner seeks immediate release and a fair bond hearing. *Id.* at 7.

Respondents assert that petitioner is held pursuant to 8 U.S.C. § 1231 due to his final order of removal. ECF No. 6, at 1. Respondents explain that when petitioner did not appeal his order of removal, it became final after the time to do so expired on May 27, 2026. *Id.* at 1–2. Accordingly, respondents claim, petitioner is subject to section 1231 detention, not section 1225 or 1226 detention, and he may be presumptively detained for six months. *Id.* at 4–6. Respondents note that petitioner has not been held for more than six months, but even if he were he could not establish that his continued detention is unlawful as his removal is reasonably foreseeable. *Id.* at 6–7. Finally, respondents assert that petitioner has received all the due process necessary in this situation. *Id.* at 7–12.

## II. LEGAL STANDARD

A federal court may grant habeas relief only on the ground that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (quoting *Weeks v. Angelone*, 176 F.3d 249, 262 (4th Cir. 1999)). After receiving the petition and any response, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243. "[T]he heart of habeas corpus," the Supreme Court has noted, is to allow a detainee to "challeng[e] the fact or duration of his physical confinement," and to "seek[] immediate release or a speedier release from that confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973).

As a threshold matter, neither 8 U.S.C. §§ 1252(b)(9) nor 1252(g) divests this Court of jurisdiction under 28 U.S.C. § 2241 to review the legality of petitioner's detention. *See Suri v. Trump*, 184 F.4th 260, 273–74 (4th Cir. 2026); *Quispe v. Crawford*, No. 1:25cv1471, 2025 WL

2783799, at *2–3 (E.D. Va. Sept. 29, 2025).

## III. ANALYSIS

Under Title 8, United States Code, section 1231(a), an individual shall be removed "within a period of 90 days" of the removal order becoming final—the "removal period"—and will be detained during the removal period. 8 U.S.C. § 1231(a)(1)(A)–(B), (a)(2)(A). The removal period begins on the latest of three dates, including, as is relevant here, the date the order of removal becomes final. *Id.* § 1231(a)(1)(B). A final order of removal becomes final on one of two dates, either a decision by the Board of Immigration Appeals affirming the order or the expiration of time to petition the Board of Immigration Appeals for such review. *Id.* §1101(a)(47)(B). Detention after the removal period is governed by 8 U.S.C. § 1231(a)(6), which permits individuals who are inadmissible under section 1182 to "be detained beyond the removal period and, if released, shall be subject to . . . supervision." *Id.* § 1231(a)(6).

Section 1231 authorizes detention beyond the removal order only for "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. The Supreme Court has held that a "reasonably necessary" period is presumptively six months. *Id.* at 701. After the six-month period, if petitioner "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," respondents "must respond with evidence sufficient to rebut that showing." *Id.* Without such a showing, respondents must release petitioner. *Id.* As the "period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

Petitioner's order of removal became final on May 27, 2026 when his allotted time for appealing the Immigration Judge's April 27, 2026 order ended. ECF No. 6-2, at 4. This fact indisputably places him within the category of aliens detained under section 1231 as opposed to

sections 1225 or 1226. *Compare* 8 U.S.C. § 1231(a), *with id.* §§ 1225(a), 1226(a). Accordingly, his detention is governed by section 1231 and he may be detained during the presumptively reasonable period of six months following the order of removal becoming final. Petitioner's detention has not exceeded that reasonable period as it will not expire until November 27, 2026. Petitioner's detention is therefore lawful under section 1231.

However, even if that period had expired, petitioner has not provided good reason to believe there is no significant likelihood of his removal in the reasonably foreseeable future. On September 30, 2026, respondents explained that they were "awaiting the issuance of a travel document from the People's Republic of China" after which respondents would "be able to expeditiously execute [p]etitioner's deportation order." ECF No. 6-1, at 3. On October 7, 2026, respondents provided the Court with notice that such a travel document had been obtained and that they intend to execute the removal order while the document remains valid. ECF No. 8. This "permit for entry" expires on December 4, 2026. ECF No. 8-1. Accordingly, petitioner's removal is reasonably foreseeable within the next two months.[1]

## IV. RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that the petition, ECF No. 1, be **DENIED** as petitioner's detention is lawful. The Court further **RECOMMENDS** that the portion of the order entered September 25, 2026, directing that petitioner "IS NOT to be removed or transferred from this district for any reason without this Court's permission," ECF No. 4, at 1, be **VACATED.**

---

[1] Petitioner is also not entitled to further due process as the "*Zadvydas* standard *is* due process: a [section] 1231 detainee who fails the *Zadvydas* test fails to prove a due process violation." *Castaneda v. Perry*, 95 F.4th 750, 760 (4th Cir. 2024).

## V. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/ RJK
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
October 19, 2026

**Clerk's Mailing Certificate**

The Clerk's office will forward a copy of this order to counsel of record for respondents.

A copy of this order shall also be mailed to Habib at his last known address:

Chen Jianping
A# 246-479-864
ICA-Farmville Detention Center
P.O. Box N
Farmville, VA 23901

Laura Griffin, Clerk

By /s/ J. L. Meyers
Deputy Clerk

October 19, 2026